13-3441-pr
*D'Attore v. Salmon*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of July, two thousand fourteen.

PRESENT:

JOSÉ A. CABRANES,
SUSAN L. CARNEY,
CHRISTOPHER F. DRONEY,
        *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

GAETANO D'ATTORE.,

      *Plaintiff-Appellant,*

      -v.-                          No. 13-3441-pr

DEPARTMENT OF CORRECTIONS CAPT. SALMON, SHIELD # 10315,

      *Defendant-Appellee,*

CITY OF NEW YORK, DORA B. SCHRIRO, COMMISSIONER NYC, DEPARTMENT OF CORRECTIONS,

      *Defendants.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PLAINTIFF-APPELLANT:**         JONATHAN J. WALSH (Kevin A. Meehan, *on the brief*), Curtis, Mallet-Prevost, Colt & Mosle LLP, New York, NY.

**FOR DEFENDANT-APPELLEE:**   ELLEN RAVITCH (Pamela Seider Dolgow, Pernell Telfort, *on the brief*), *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY.

Appeal from a judgment, entered August 13, 2013, of the United States District Court for the Southern District of New York (Jed S. Rakoff, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiff Gaetano D'Attore, an inmate at Rikers Island, brought excessive force claims under 42 U.S.C. § 1983 against the City of New York, the Commissioner of the Department of Corrections ("DOC"), and Corrections Officer Francis Salmon. He alleged that Salmon punched him and pushed him, causing him to fall and resulting in exacerbations of previous injuries, as well as new injuries. His claims against all defendants except for Salmon were dismissed on summary judgment and are not appealed here.

D'Attore proceeded to a jury trial against Salmon before the District Court. He called two DOC doctors and he himself testified. The District Court excluded expert testimony from either doctor, because they had not filed expert reports. After D'Attore rested, Salmon moved for judgment as a matter of law ("JMOL") under Federal Rule of Civil Procedure 50(a)(1). After brief argument, the District Court granted JMOL in Salmon's favor on two independent grounds: (1) D'Attore failed to offer expert testimony as to causation for his injuries; and (2) D'Attore's testimony was so inconsistent as to be incredible as a matter of law.

Even if the District Court erred in requiring an expert report for D'Attore's treating physicians,[1] we conclude that any error was harmless because D'Attore has not demonstrated that the ruling affected his substantial rights. *See Boyce v. Soundview Tech. Grp., Inc.*, 464 F.3d 376, 385 (2d Cir. 2006). In any event, the District Court granted JMOL in Salmon's favor on the independent basis that D'Attore's testimony was incredible as a matter of law. *Cf. Jeffreys v. City of New York*, 426 F.3d 549, 555 (2d Cir. 2005).

---

[1] The plain language of Federal Rule of Civil Procedure 26—amended in 2010—does not require a report for treating physicians, because they are not "retained or specially employed to provide expert testimony." Fed. R. Civ. P. 26(a)(2). The Advisory Committee notes accompanying that amendment specifically address this issue:

> A witness who is not required to provide a report under Rule 26(a)(2)(B) <u>may both testify as a fact witness and also provide expert testimony</u> under Evidence Rule 702, 703, or 705. Frequent examples include <u>physicians or other health care professionals and employees of a party who do not regularly provide expert testimony</u>.

Fed. R. Civ. P. 26 adv. comm. nn. (2010 Amends., Subdiv. (a)(2)(C)) (emphasis supplied). We decline to decide now the precise limits of the expert testimony a treating physician may give, but, under the amended Rule, a district court cannot categorically *require* an expert report from a treating physician before qualifying him as an expert.

We have reviewed the record and considered all of D'Attore's arguments on appeal and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the District Court entered August 13, 2013.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court